IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAJOR DEE LEWIS, § | | |
|         Petitioner, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. H-05-3180 |
| § | | |
| DOUGLAS DRETKE, DIRECTOR, § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE-CORRECTIONAL INSTITUTIONAL § | | |
| DIVISION. § | | |
|         Respondent. § | | |

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 11) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered Respondent's Motion for Summary Judgment, Petitioner's Response (Document No. 15), the claims raised by Petitioner in his Federal Application for Writ of Habeas Corpus, the state court records, and the applicable law, the Magistrate Judge ORDERS, for the reasons set forth below, that Respondent's Motion for Summary Judgment is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus is DENIED, and this § 2254 proceeding is DISMISSED with prejudice.

**I.    Procedural History**

Petitioner Major Dee Lewis ("Lewis") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division for the aggravated robbery of Gina Gonzales, committed on or about September 6, 2002. Lewis was charged by indictment in the 262nd District Court of Harris County, Cause No. 923450. A jury found Lewis guilty as charged on February 12, 2003, and assessed punishment of imprisonment for sixteen years. (IV R.R. at 16). On June 10,

2004, the Texas Court of Appeals affirmed the conviction. *See Lewis v. State*, No. 01-03-00143-CR (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *See Ex Parte Lewis*, at 36-43 (appellate opinion). Lewis's petition for discretionary review ("PDR") was refused on October 27, 2004. *Lewis v. State*, PDR No.1233-04. On July 1, 2005, Lewis filed an application for habeas corpus relief in state court challenging the conviction. *See Ex Parte Lewis*, at 2. On August 17, 2005, the Court of Criminal Appeals denied Lewis's application without written order on the findings of the trial court without a hearing. *Id*. Subsequently, Lewis filed this federal petition on September 5, 2005. (Document No. 1).

Respondent has filed a Motion for Summary Judgment (Document No. 11), to which Lewis has filed a response in opposition (Document No. 15). This § 2254 proceeding is ripe for the ruling.

**II.     Factual Background**

On September 6, 2002, Lewis and another man allegedly approached Gina Gonzales and Julia Ordaz as they were walking from Ms. Ordaz's apartment to Ms. Gonzales's car. Lewis allegedly grabbed Gonzales, put a gun to her head and demanded money. He then allegedly took Gonzales's bracelet and ring, demanded her car keys and asked Gonzales to point out her car. As the two men were walking to Gonzales's car, one of Ordaz's neighbors approached and intervened, compelling Lewis and his accomplice to flee in different directions through the apartment complex. As the men fled, a car pulled up to the scene and Ordaz's neighbor briefly spoke with the driver before getting into the car and pursuing Lewis. Shortly thereafter, the neighbor and other occupants of the car captured Lewis on the street outside the main entrance to Ordaz's apartment complex.

Just after Lewis was apprehended, Houston Police Officer John Garcia arrived at the apartment complex. While searching Lewis, Garcia recovered a loaded gun and Gonzales's jewelry from Lewis's pockets. Gonzales also positively identified Lewis as the robber. Officer Garcia, however, did not speak with Ordaz's neighbor who helped capture Lewis, for he had already left the scene by the time the officer arrived.

**III.    Claims**

Lewis raises the following claims in this § 2254 proceeding:

1.  The trial court erred in overruling his objections to certain portions of Officer Garcia's trial testimony because the testimony was irrelevant and prejudicial and violated his rights under the fifth Amendment.

2.  The trial court erred in failing to grant a mistrial after the State, during the punishment stage of the trial, commented on Lewis's failure to testify.

*See* Document No. 1 at 7.  Respondent argues in his Motion for Summary Judgment (Document No. 11) that that part of Claim 1 in which Lewis alleges that his rights under the confrontation clause were violated is procedurally barred from review herein because Lewis did not raise that claim in his direct appeal and because the Texas Court of Criminal Appeals found the claim to be procedurally barred in connection with Lewis's state application for writ of habeas corpus.  As for Lewis's complaints about the state trial court's evidentiary rulings, Respondent argues that no relief is available on such claims under § 2254.

**IV.    Standard of Review**

   **A.    State Law Procedural Bar**

Federal courts are precluded from considering claims that were rejected by the last state court to have considered them on the basis of a state procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).  In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds.  *Harris*, 489 U.S. at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Once a state court has relied on a procedural default for rejecting a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows cause and

prejudice associated with the default or shows that, absent a review of the claim by a federal court, a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir.) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992).

**B.     § 2254(d)**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited. 28 U.S.C. § 2254(d) provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2004). "[A] decision by state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court

case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000)." *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part*, 124 S. Ct. 46 (2003).

Of utmost significance under § 2254(d) is the principle that once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative. In addition, the correctness of the state court's decision is not determinative. The opinion of the the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 2535 (2003), is instructive: "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . [T]he state court's application must have been 'objectively unreasonable.'" (citations omitted).

**V.    Discussion**

    **A.    Confrontation Claim**

In his first claim, Lewis contends that the trial court erred in overruling his objections to

portions of Officer Garcia's trial testimony on account of the fact that the testimony was irrelevant and prejudicial, and a violation of his right to confrontation. In his direct appeal, Lewis complained that the trial court erred in admitting irrelevent and prejudicial testimony from Officer Garcia. The testimony about which Lewis complained follows:

| | |
|---|---|
| [State]: | Would you say that there is a heavy population of individuals who are not U.S. citizens or who may be here on Green Cards, Hispanics that are not citizens? |
| [Officer Garcia]: | Yes, ma'am. |
| [State]: | What kinds of problems does that create in that area? |
| [Defense Counsel]: | Objection, Your Honor, to the relevance of that. |
| [Trial Court]: | I will let him explain just briefly. Just Briefly. |
| [State]: | As far as in your investigations, what kinds of problems result from that? |
| [Officer Garcia]: | Usually when we go to a scene and come across someone who doesn't have legal residency, they are scared to testify because they think they will either get possibly in trouble with the law because they're not legal. |
| [State]: | Do you have trouble getting them to cooperate with your investigations? |
| [Officer Garcia]: | Yes, ma'am. |
| [State]: | Do they generally stick around to talk to the police? |
| [Officer Garcia]: | No, ma'am. |
| [State]: | Do you find that areas like that get targeted for crime? |
| [Defense Counsel]: | Again, I object to the relevance. |
| [Trial Court]: | Overruled. I will let him testify briefly. |
| [Officer Garcia]: | Can you repeat the question, ma'am? |
| [State]: | Do you find that areas like that get targeted for crime? |
| [Officer Garcia]: | Yes, ma'am. |
| [State]: | And why is that? |
| [Officer Garcia]: | Because the lack of—their lack of willingness to testify. |
| [State]: | Is it generally known on the streets that they don't usually want to cooperate with the police and often don't report crime? |
| [Defense counsel]: | You Honor, I'm going to object. This is basic self-serving as to why certain witnesses aren't here to testify. |
| [Trial Court]: | Okay, I'm going to let him answer that, and then you can move on. |
| [Officer Garcia]: | Yes, ma'am. |

*See* Document No. 11 at 11. Lewis did not challenge in his direct appeal the admission of this testimony under the confrontation clause of the Fifth Amendment. Instead, the confrontation clause

challenge was raised by Lewis for the first time in his state application for writ of habeas corpus. The Texas Court of Criminal Appeals rejected the confrontation clause claim on the basis of a state procedural bar, finding that Lewis was "procedurally barred from raising his confrontation clause claim on habeas because he failed to raise it on direct appeal." *See Ex Parte Lewis*, App. No. 62,665-01 at cover, 30.

Federal review is procedurally barred if the last state court to consider the claim "expressly and unambiguously based its denial on a State procedural default." *Harris v. Reed*, 489 U.S.. 255, 265 (1989). In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds. *Id*. at 261; *Michigan*, 463 U.S. at 1042 (1983). Here, the Texas Court of Criminal Appeals expressly and unambiguously relied on a state procedural bar in rejecting Lewis's confrontation clause claim. Given that state court ruling, Lewis's confrontation clause claim is similarly procedurally barred from review in this § 2254 proceeding unless the petitioner shows cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750. Lewis has made no such showing. Therefore, Lewis's confrontation clause claim is procedurally barred from review herein.

  **B.**  **Evidentiary Ruling Claim**

Lewis claims that the trial testimony of Officer Garcia, as set forth above, was irrelevant and unduly prejudicial, and contributed to his conviction. However, Lewis has failed to meet the burden of proof necessary to gain relief under § 2254(d). Under § 2254(d), Lewis must show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The Texas Court of Criminal Appeals denied Lewis relief on all of his allegations. *See Lewis v. State*, PDR No. 1233-04. This Court, therefore, must "look through" to the last clear state court decision, that of the First Court of Appeals, to determine if his claims were "adjudicated on the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991). In the last

clear state court decision, the Court of Appeals found:

> In determining whether the trial court abused its discretion, we consider whether the court acted without reference to guiding rules and principles—that is, whether the court acted arbitrarily or unreasonably. We must uphold the trial court's ruling so long as it is "within the zone of reasonable disagreement."
>
> Lewis complains that Officer Garcia's testimony was introduced for the sole purpose of explaining why a number of the State's witnesses were not present and thus was not relevant to the question of [Lewis]'s guilt. Generally, however, the State is allowed to introduce evidence to account for an absent witness in order to escape any adverse inference from its failure to produce the witness. In the instant case, the jury would no doubt have expected to hear testimony from Ms. Ordaz's neighbor and the car's occupants. However, these witnesses were conspicuously missing form the trial. The State was entitled to account for their absence. Thus, we hold that the trial court did not abuse its discretion in allowing Officer Garcia's testimony on the basis of relevancy.

*Lewis v. State*, slip op. at *1-2 (citations omitted). Here, since the Court of Appeals decided on the merits that Lewis was not unduly prejudiced, Lewis carries the burden of proving that decision was unreasonable. Lewis, however, provides no additional evidence or argument in his Federal Application for Writ of Habeas Corpus (Document No. 1) or his Rebuttal of State's Motion for Summary Judgment (Document No. 15) that the Court of Appeals' decision was unreasonable. Lewis, therefore, has failed to meet the burden of proof that either court's decision was unreasonable.

Based on the evidence recited by the Texas Court of Appeals, as well as an independent review of the record, a rational jury could have found, beyond a reasonable doubt, that all of the essential elements of the aggravated robbery offense with which Lewis was charged and convicted were present, even without the disputed testimony of Officer Garcia. The Texas Court of Appeals' rejection of this claim, therefore, is not contrary to or an unreasonable application of federal law. Thus, no relief is available to Lewis on this claim.

    **C.**    **Prosecutor's Comment on Failure to Testify**

In his second claim, which was also already adjudicated in the state courts and considered by the Texas Court of Criminal Appeals, Lewis maintains that the State, in its closing arguments,

commented on Lewis's failure to testify during the punishment stage of the trial and that the trial court erred in failing to grant a mistrial on account of those comments. The alleged comment on his failure to testify occured as follows:

| | |
|---|---|
| [State]: | Mr. Lewis wants you to put him on probation, but he's told you a little bit about himself; and Lord knows what he hasn't told you. |
| [Defense Counsel]: | Objection, Your Honor, that's a comment on the defendant not testifying. We'd ask the jury be instructed to disregard. |
| [Trial Court]: | Ladies and gentlemen, you will disregard the last remark by the assistant district attorney and not consider it for any purposes. |
| [Defense Counsel]: | Move for mistrial. |
| [Trial Court]: | That will be denied. |

*See* Document No. 11 at 11-12. In his direct appeal and in his petition for discretionary review, Lewis complained about the State's comment on his failure to testify. *Lewis v. State*, PDR 1233-04. In connection with Lewis's direct appeal, the Texas Court of Appeals ruled that the State's comment did not infringe upon Lewis's Fifth Amendment rights and that, even if it had, such a violation was cured by the jury instruction:

> It is not sufficient that the language might be construed as an implied or indirect allusion. The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.
>
> In the instant case, the prosecutor's comment was not of such a character that the jury would necessarily and naturally take it as a comment on [Lewis]'s failure to testify during the punishment phase of the trial. Indeed, it appears the prosecutor was specifically referring to [Lewis]'s testimony during the guilt-innocence stage of the trial. Nonetheless, had the comment been improper, such impropriety may be cured by an instruction to disregard the comment. Only offensive or flagrant error warrants reversal when there has been an instruction to disregard. The trial court instructed the jury to disregard the prosecutor's comment. Furthermore, the comment, itself, was not so flagrant that the instruction to disregard was ineffective. Thus, we hold that the trial court did not err in denying [Lewis]'s request for a mistrial.

*Lewis v. State*, slip op. *2-3 (citations omitted).

"[T]he Fifth Amendment, in its direct application to the Federal Government and in its

9

bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instruction by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). "A prosecutor's remarks constitute impermissible comment on a defendant's right not to testify, if the prosecutor's manifest intent was to comment on the defendant's silence or if the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *United States v. Johnston*, 127 F.3d 380, 396 (1997), *cert. denied*, 522 U.S. 1152 (1998). Improper comments on a defendant's failure to testify, however, are subject to harmless error analysis. *United States v. Hastings*, 461 U.S. 499, 508-512 (1983). The test is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Furthermore, a jury is presumed to have followed instructions given to it by the court. *Galvin v. Cockrell*, 293 F.3d 767, 766 (5th Cir. 2002).

While the Texas Court of Appeals recognized the inappropriateness of the comment, it found that the jury instruction was adequate to offset any particular injury to Lewis. *Lewis v. State*, slip op. at *7. Lewis, therefore, has the burden of rebutting that presumption by some showing of evidence that the jury failed to follow its instructions. Lewis, however, has made no attempt to rebut the presumption that the jury failed to follow its instructions. Accordingly, the Texas Court of Appeals' rejection of the claim was not unreasonable, and no relief is available to Lewis on this claim under § 2254(d).

## VI. Conclusion

Based on the foregoing, and the conclusion that Petitioner's claims are either procedurally barred or that no relief is available under § 2254(d), the Magistrate Judge

ORDERS that Respondent's Motion for Summary Judgment (Document No. 11) is GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and that this § 2254 proceeding is DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.

Signed at Houston, Texas, this 30th day of June, 2006.

_____
Frances H. Stacy
United States Magistrate Judge